E. P. MUELLER

*v.*

SIEGFRIED PELS.

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*what assignments of error are not open to review in Supreme Court.* On appeal from the Appellate Court in a suit at law, assignments of error that the trial court erred in over-ruling the motion for new trial, that the evidence did not warrant the verdict and that the trial court erred in rendering a judgment for the plaintiff, are assignments of error upon the facts and are not open to review in the Supreme Court.

2. SAME—*instructions must be considered as one charge.* In determining whether an instruction was calculated to mislead the jury the instructions given must be considered as one charge; and if it appears that one instruction, though erroneous, was so modified by the others that it could not, in reason, have misled the jury the error is harmless.

*Mueller* v. *Pels,* 94 Ill. App. 353, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

N. A. LOUGH, for appellant.

GEORGE R. MITCHELL, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

Appellee sued appellant in the superior court of Cook county in assumpsit, to recover damages for a breach of two contracts for the sale and delivery to him of dried brewers' grains. The first contract provides for the delivery, at appellant's option, of the grains sold there-under, at the three ports,—Hamburg, Antwerp and Rotterdam,—on which there was a shortage of one hundred and twenty tons. The second contract provided for delivery, at appellant's option, of the grains sold there-

under at the two ports,—Hamburg and Rotterdam,—on which there was a shortage of two hundred and two tons. The shortage by appellee on each of the two contracts, as above stated, was agreed to by the parties upon the trial. The damages claimed by appellee in the declaration and additional counts filed by him was the difference between the contract price and the market price of such grains at their places of delivery, and also a balance due appellee for an agreed allowance for damaged and inferior grains. Issues were joined, and the jury rendered a verdict in favor of the plaintiff for $1140.40. Motion for new trial being overruled, judgment was entered upon the verdict for that amount and costs. The defendant appealed to the Appellate Court for the First District, where the case was submitted to the branch of that court and the judgment of the superior court affirmed.

The errors assigned in this court are, first, that the first and second instructions given on behalf of appellee did not state correct propositions of law; second, that the trial court erred in overruling the motion by appellant for. a new trial and refusing to set aside the verdict of the jury; third, that the evidence in the case did not warrant the jury in rendering a verdict for appellee; and fourth, that the trial court erred in rendering a judgment in favor of appellee. The fifth, sixth and seventh assignments are to the effect that the Appellate Court erred in affirming the judgment below. The second, third and fourth are no more than assignments of error upon the facts, and are not open to review in this court. (Hurd's Stat. 1899, chap. 110, sec. 89.)

Did the trial court err in giving to the jury the first and second instructions on behalf of the plaintiff? The criticism made upon the first is,. that "it restricts the finding by the jury to the failure of Mueller to sell and deliver dried brewers' grains at certain prices and times, and disregards wholly the question of the delivery at separate and distinct ports, as contained in said con-

tract." The language of the instruction in that regard is: "The measure of damages is the difference between the contract prices and the market prices *at the place* of delivery when such breach, if any, occurred." Doubtless it would have been more accurate if it had said *"at the places* of delivery," or "at Hamburg, Antwerp or Rotterdam." We do not think, however, the jury could have been misled by the inaccuracy. Especially is this so in view of the second instruction given at the instance of the defendant, which specifically tells the jury that the measure of damages could only be the difference between the contract price "and the market price at the *several places of delivery.*" It is a familiar rule that in determining whether an instruction is calculated to mislead a jury to the prejudice of a party, the instructions given must be considered as a series or as one charge; and if it appears that one, though erroneous, is so modified or limited by others that it could not reasonably mislead the jury, the error will be treated as harmless. The first instruction is clearly within this rule.

The second instruction is said to assume that fourteen hundred and twenty marks was a settlement of plaintiff's claim in entirety, and takes from the jury the consideration of how payment was to be made, assuming such agreement to be admitted by defendant. We find in the instruction no just ground for this objection. It requires the jury to find the facts from the evidence, and does not assume anything.

On the merits of this case there could have been legally no different result from that found by the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*